## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 12 2019, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

David C. Jensen
John P. Twohy
Eichhorn & Eichhorn, LLP
Hammond, Indiana

ATTORNEYS FOR APPELLEE

Kimberly P. Peil
Hoeppner Wagner & Evans LLP
Merrillville, Indiana

Alon Stein, Pro Hac Vice
Stein Law Offices
Des Plaines, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

Neurological Institute and
Specialty Centers, P.C.,

*Appellant-NISC,*

v.

Subhasree Misra, M.D.,

*Appellee-Defendant*

August 12, 2019

Court of Appeals Case No.
18A-PL-3039

Appeal from the Lake Circuit Court

The Honorable Marissa J. McDermott, Judge

Trial Court Cause No.
45C01-1803-PL-18

**Crone, Judge.**

## Case Summary

Neurologist Subhasree Misra, M.D., signed an employment agreement with Neurological Institute and Specialty Centers, P.C. ("NISC"), that contained a restrictive covenant prohibiting her from practicing medicine independently or as an employee for an organization within five Indiana counties for two years after the expiration or termination of the agreement. Dr. Misra resigned from NISC and started practicing medicine in Illinois. NISC sued Dr. Misra for breach of their agreement and filed a motion for preliminary injunction to enforce the restrictive covenant. The trial court denied the motion, concluding that NISC had failed to demonstrate a reasonable likelihood of success at trial because Dr. Misra is not practicing medicine in the prohibited counties. On appeal, NISC argues that the trial court erred in denying its motion for preliminary injunction. We affirm.

# Facts and Procedural History[1]

The relevant facts are undisputed. In December 2010, Dr. Misra signed an employment agreement with NISC that contains the following restrictive covenant:

> During the term of this Agreement and for a period of two (2) years after the expiration or termination of this Agreement for whatever reason, Doctor agrees that he/she shall not:
>
> > (i) practice medicine independently, in private practice … nor as a physician employee or contract provider of services for an individual, organization, or institution … within the five (5) county area referenced below ….

Ex. Vol. 1 at 52. The five-county area comprises Lake, Porter, Jasper, LaPorte, and Newton Counties in Indiana. *Id*. at 53. In November 2017, Dr. Misra gave notice that she would be resigning from NISC. In January 2018, she signed an employment agreement with Midwest Neurology Associates ("Midwest"), whose principal office is in Lake County, Indiana. Since joining

---

[1] Several procedural observations are in order. Indiana Rule of Appellate Procedure 46(A)(6) provides that an appellant's statement of facts "shall describe the facts relevant to the issues presented for review but need not repeat what is in the statement of the case." NISC's brief contains numerous facts that are irrelevant to the issues presented for review. Also, a party's statement of facts should be narrative and not argumentative. *Anthony v. Ind. Farmers Mut. Ins. Grp.*, 846 N.E.2d 248, 252 (Ind. Ct. App. 2006). Dr. Misra's statement of facts is inappropriately argumentative. Moreover, both parties' briefs include a "witness by witness summary of the testimony" from the preliminary injunction hearing in violation of Appellate Rule 46(A)(6)(c). Additionally, NISC failed to file an appellant's appendix, which should have contained its complaint, its motion for preliminary injunction, and other documents "that are necessary for [this] Court to decide the issues presented." Ind. Appellate Rule 50(A)(1). Thankfully, Dr. Misra submitted an appellee's appendix with those documents. We urge both parties' counsel to comply with our procedural rules in future cases.

Midwest, Dr. Misra has practiced medicine only in Midwest's office in Cook County, Illinois.

[3] NISC filed a complaint against Dr. Misra for breach of the employment agreement and also filed a motion for preliminary injunction to enforce the restrictive covenant. After a hearing, the trial court issued an order denying NISC's motion that reads in relevant part as follows:[2]

> To obtain a preliminary injunction, the moving party must demonstrate by a preponderance of the evidence; a reasonable likelihood of success at trial; the remedies at law are inadequate; the threatened injury to the movant outweighs the potential harm to the nonmoving party from the granting of an injunction; and the public interest would not be disserved by granting the requested injunction. To show a reasonable likelihood of success at trial, the moving party must establish a prima facie case.
>
> Here, law and facts are not in NISC's favor. The restrictive covenant at issue, drafted by NISC, appears clear on what it prohibits and what it permits: it prohibits practicing medicine within five designated counties, none of which include the county in which Dr. Misra now practices....
>
> If NISC wanted to restrict Dr. Misra from competing in the same geographical area as itself, it could have simply included a restriction on practicing in Cook County, Illinois; or it could have set forth a radius within which Dr. Misra could not practice. It did neither.
>
> ....

---

[2] We have replaced the trial court's references to "Plaintiff" with "NISC."

The uncontroverted and credible evidence shows that Dr. Misra only sees patients in Illinois and that she is not even permitted to practice in Indiana due to lack of malpractice insurance coverage there. While her employer, Midwest, is located in Indiana, she is not.

Because the court finds and holds that NISC has not shown, by a preponderance of the evidence, a likelihood of success at trial, the court declines to analyze the remaining factors.

Appealed Order at 5-6 (citations omitted).[3]

# Discussion and Decision

[4] NISC appeals the trial court's denial of its motion for preliminary injunction. We review this ruling for an abuse of discretion. *Clark's Sales & Serv., Inc. v. Smith*, 4 N.E.3d 772, 779 (Ind. Ct. App. 2014), *trans. denied*.

> To obtain a preliminary injunction, the moving party has the burden to show by a preponderance of the evidence: (1) a reasonable likelihood of success at trial; (2) the remedies at law are inadequate; (3) the threatened injury to the movant outweighs the potential harm to the nonmoving party from the granting of an injunction; and (4) the public interest would not be disserved by granting the requested injunction.

*Id*. at 779-80. "If the movant fails to prove any one of these requirements, the trial court's grant of an injunction would be an abuse of discretion." *Id*. at 780.

---

[3] NISC's complaint and the trial court's order also address patient solicitation and referral issues that are not relevant to this appeal.

To establish that a party has a reasonable likelihood of success at trial, the party must establish a prima facie case. *Hannum Wagle & Cline Eng'g v. Am. Consulting, Inc.*, 64 N.E.3d 863, 874 (Ind. Ct. App. 2016). "The party is not required to show that he is entitled to relief as a matter of law, nor is he required to prove and plead a case, which would entitle him to relief upon the merits." *Id.* (quoting *Avemco Ins. Co. v. State ex rel. McCarty*, 812 N.E.2d 108, 118 (Ind. Ct. App. 2004)).

[5] "When considering whether to grant a preliminary injunction, the trial court is required to make special findings of fact and conclusions thereon." *Clark's*, 4 N.E.3d at 780 (citing, inter alia, Ind. Trial Rule 65(D)). "On appeal, we must determine whether the evidence supports the trial court's findings, and whether the findings support the judgment. We will not disturb the findings or judgment unless they are clearly erroneous." *Id.* (citation omitted). "[T]he power to issue a preliminary injunction should be used sparingly, with such relief granted only in rare instances in which the law and facts are clearly within the movant's favor." *Id.*

[6] Indiana courts have recognized that "covenants not to compete are 'in restraint of trade and not favored by the law'; however, they are enforceable if they are reasonable." *Hannum*, 64 N.E.3d at 877 (quoting *Cent. Ind. Podiatry, P.C. v.*

*Krueger*, 882 N.E.2d 727, 729 (Ind. 2008)).[4] The reasonableness of the covenant between NISC and Dr. Misra is not at issue here; the only question is how it should be interpreted. We review the trial court's interpretation of restrictive covenants de novo. *Id.* We give effect to the parties' intentions as expressed in the four corners of the contract, "and clear, plain, and unambiguous terms are conclusive of that intent." *Oxford Fin. Grp., Ltd. v. Evans*, 795 N.E.2d 1135, 1142 (Ind. Ct. App. 2003). We may not construe clear and unambiguous provisions, nor may we add provisions not agreed upon by the parties. *Id.*

[7] NISC argues that the restrictive covenant "expresses the parties' intention that, should Dr. Misra cease to be employed by [NISC], she is not permitted to practice medicine either on her own, or for an 'organization' [such as Midwest] which is providing services within the five-county area encompassing Lake, Porter, LaPorte, Newton and Jasper counties." Appellant's Br. at 30. NISC's interpretation adds language to the covenant that simply is not there. The covenant prohibits Dr. Misra from practicing medicine independently or as an employee in the five-county area; it does not prohibit her from practicing

---

[4] The *Krueger* court stated, "We construe these covenants strictly against the employer and will not enforce an unreasonable restriction." 882 N.E.2d at 729. Dr. Misra's employment agreement with NISC states,

> The language of this Agreement shall be construed as a whole, according to its fair meaning and intendment, and not strictly for or against any party hereto, regardless of who drafted or was principally responsible for drafting this Agreement or any specific term or condition hereof. This Agreement shall be deemed to have been drafted by both parties hereto and no party hereto shall urge otherwise.

Ex. Vol. 1 at 55. In its order, the trial court stated that the agreement was drafted by NISC, but the court did not specifically state that it construed the agreement strictly against NISC. Consequently, we do not address NISC's assertion that the trial court improperly construed the agreement against it.

medicine as an employee of an organization that provides medical services in that area. Because it is undisputed that Dr. Misra is not practicing medicine within the five-county area, we conclude that the trial court did not abuse its discretion in denying NISC's motion for preliminary injunction.

[8] Affirmed.

Bradford, J., and Tavitas, J., concur.